De Guire *et al. v.* St. Joseph Lead Co.

*(Circuit Court, E. D. Missouri, E. D.* March 20, 1889.)

1. EJECTMENT—DEFENSES—FRAUDULENT CONVEYANCES—EXECUTION—SALE.

It is a good defense to an ejectment that plaintiff's title is derived from a conveyance to her in fraud of her grantor's creditors, one of whom afterwards obtained a judgment, and issued execution under which the land was sold to defendant's predecessor in title, such fraudulent conveyance being void by the state statutes.

2. SAME.

It is immaterial whether the execution creditor was or was not the purchaser at the sale.

3. SAME—LACHES.

Defendant may rely on his equitable title and possession, and need take no action to obtain the legal title, and lapse of time, therefore, does not affect his right to interpose the defense.

At Law. On demurrer to defense.

Ejectment by Emily and Paul W. De Guire against the St. Joseph Lead Company.

*George D. Reynolds* and *Samuel L. Isbell,* for plaintiffs.

*Charles Nagel,* for defendant.

BREWER, J. In addition to the motion heretofore decided by me,[1] there is a demurrer to one defense. The action is in ejectment. That defense is that the female plaintiff holds title by deed from her father,

[1] 37 Fed. Rep. 663.

made some 30 years since.    That conveyance was a conveyance without consideration, and in fraud of the rights of the grantor's creditors, he being then hopelessly insolvent.  ' Subsequently one of these creditors put his claim in judgment, caused execution to be issued and the property sold, and at the sale it was bid in by a third party, under whom the defendant claims. This sale was made over 20 years ago.    The demurrer rests upon three grounds.    The principal one is that whatever defense exists is purely equitable, and as against a legal title can only be asserted after judgment by a bill in equity.    In the cases of *Dickerson* v. *Colgrove*, 100 U. S. 578, and *Kirk* v. *Hamilton*, 102 U. S. 68, the supreme court of the United States held that, in an action of ejectment, a law action in which the legal title prevails, a defense based upon an equitable estoppel could be sustained.    The action being a possessory one, a defense based upon equitable estoppel showed that the plaintiff was not entitled to the possession, and was available in an action at law.    In this case the defendant has a legal title,—a judgment against plaintiff's grantor, followed by execution, sale, and deed.    The statutes of Missouri make a conveyance by a debtor in fraud of the rights of the creditors clearly and utterly void as against them.    And, while there may be some doubt on the matter, I think that this defense is one which can be successfully interposed in an action of ejectment.

A second ground of demurrer is that the answer does not show that the creditor was himself the purchaser.    This is immaterial.    If the suit was at the instance of a then existing creditor, and that suit passed into judgment, execution, and sale, the person purchasing succeeds to all the rights that the creditor would have acquired if he had purchased.

The third ground is that whatever rights the defendant had to set aside the conveyance to plaintiff from her father, it has lost by a lapse of time, and that no affirmative relief could be granted to it in an independent suit.    But the defendant is not asking any affirmative relief.    It has an equitable title and possession, and may rest safely on that for all time.    If I, owning land by full legal title, make a contract to sell at a price to be paid thereafter, and the purchaser enters into possession, and pays the price, although I execute no deed, and the legal title remains in me, still the purchaser can always interpose his full equitable title as a perfect defense to any action I may institute.    It is not necessary that he should in the first instance have taken action to place the legal title in himself.    I think the demurrer must be overruled.  ·